# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: DDJ, INC.;<br><br>Debtor,<br>_____<br><br>JOE FLORES; CONNIE FLORES,<br><br>Appellants<br><br>v.<br><br>JAMES E. SALVEN, Attorney, Trustee; DDJ, INC.; ROBERT ROSE; STATE OF CALIFORNIA FRANCHISE TAX BOARD; UNIETD STATES TRUSTEE, FRESNO,<br><br>Appellees.<br>_____/ | Case No. 1:13-mc-00057-AWI-SKO<br><br>**ORDER GRANTING APPELLANTS' APPLICATIONS TO PROCEED IN FORMA PAUPERIS** |

## I. INTRODUCTION

Appellants Joe Flores and Connie Flores ("Appellants") are seeking to proceed with a bankruptcy appeal, which has been referred to the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") bearing BAP Nos. EC-13-1409 and EC-13-1410. (Doc. 1.)

On August 22, 2013, Appellants each filed a request for a waiver of the appellate filing fee. (Doc. 1, p. 23-35.) A Clerk's Notice to the bankruptcy court was issued, giving the bankruptcy court the opportunity to make a certification under 28 U.S.C. § 1915(a)(3) regarding whether the appeals herein are frivolous, but no certification was made by the bankruptcy court.

Appellee, Trustee James Salven ("the Trustee"), filed an opposition to Appellants' requests to proceed without prepayment of fees. (Doc. 1, p. 36-63.) The Trustee contends that Appellants have filed "no less than thirty (30)" appeals which have all been dismissed by the BAP, and the U.S. Court of Appeals of the Ninth Circuit. On July 10, 2013, 20 appeals filed by Joe and Connie Flores to the Ninth Circuit were sua sponte consolidated and dismissed upon finding that the appeals were frivolous. Further, the bankruptcy court has determined Appellants are vexatious litigants and they were required to request permission from the bankruptcy court to file documents. In objecting to the Trustee's Final Report and/or Application to the Trustee's final fees, the Trustee maintains Appellants did not follow the directive of the bankruptcy court. (Doc. 1, p. 38.) Therefore, the Trustee requests that Appellants' in forma pauperis ("IFP") request be denied based upon their "long-standing history in this case in the Bankruptcy Court, at the Bankruptcy Appellate Panel, and before the Ninth Circuit Court of Appeals." (Doc. 1, p. 39.)

As the bankruptcy court declined to certify that the appeal was frivolous under 28 U.S.C. § 1915(a)(3), pursuant to *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992) and *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 496 (9th Cir. BAP 1995), the BAP transferred Appellants' request for a fee waiver to this Court for the limited purpose of ruling on appellants' fee-waiver request.

On December 16, 2013, the Appellants filed a statement of reply to Trustee Salven's opposition to the Appellants' IFP request along with a request for judicial notice of a "Joint Statement of Issues in Dispute and Relief Sought on Appeal of August 22, 2013." (Doc. 3.)

## II.   DISCUSSION

Tile 28 U.S.C. § 1915(a) provides in pertinent part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who

2

1 submits an affidavit that includes a statement of all assets [the person] possesses," and that the
2 person is unable to pay such fees.

3 Appellants have submitted requests for a fee waiver and have certified that they are unable
4 to pay the required filing fee at this time. (*See* Doc. 1.)  The Court has reviewed the applications
5 submitted by Appellants, the supporting information, the Trustee's opposition to Appellants' IFP
6 requests, and the Appellants' reply thereto.

7 Although Appellants have a long history of filing bankruptcy appeals that have been
8 dismissed because the appeals were not perfected or because they were deemed frivolous, and
9 Appellants have been declared vexatious litigants by the U.S. Bankruptcy Court for the Eastern
10 District of California ("bankruptcy court"), the Court has no information before it to establish that
11 *this* appeal is frivolous.  Appellants' violation of the bankruptcy court's vexatious litigant pre-
12 filing order by objecting to the Trustee's Final Report without permission does not, in itself,
13 sufficiently demonstrate that this appeal is frivolous.  Further, the Court notes that the bankruptcy
14 court was given an opportunity to certify that Appellants' appeal is frivolous, but did not do so.
15 Thus, on the record before it, the Court GRANTS Appellants' motion to proceed IFP and without
16 prepayment of fees.

17 As it pertains to Appellants' request for judicial notice, the brief in opposition has been
18 filed on the docket as well as Appellants' "Joint Statement of Issues in Dispute and Relief Sought
19 on Appeal of August 22, 2013."  There is no basis to judicially notice these documents as they are
20 filed in the record before the Court; therefore, the request is denied as moot.

21 Finally, as this matter was transferred to this Court for the sole and limited purpose of
22 ruling on Appellants' motions to proceed without the prepayment of fees, the Court orders the
23 matter transferred to the United States Bankruptcy Appellate Panel of the Ninth Circuit.

### III.   CONCLUSION

25 Accordingly, IT IS HEREBY ORDERED that:
26 1. Appellants' applications to proceed in forma pauperis and without the prepayment
27 of fees are GRANTED;
28 2. Appellants' request for judicial notice is DENIED AS MOOT;

3

3. This matter is TRANSFERRED to the United States Bankruptcy Appellate Panel of the Ninth Circuit;

4. The Clerk of Court is DIRECTED to serve this order by mail as follows:

    a. Upon Appellants Joe and Connie Flores at P.O. Box 3086, Visalia, California, 93278;

    b. Upon the other parties; and

    c. Upon the United States Bankruptcy Appellate Panel of the Ninth Circuit; and

5. This district court case, No. 1:13-mc-00057-AWI-SKO, shall be administratively closed.

IT IS SO ORDERED.

Dated: __**December 27, 2013**__              __**/s/ Sheila K. Oberto**__
                                                               UNITED STATES MAGISTRATE JUDGE